**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GARY MCDONALD, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 12 C 4449 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Before the Court is pro se Petitioner Gary McDonald's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court denies Petitioner's Section 2255 motion and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).[1]

**BACKGROUND**

On April 8, 2008, a grand jury returned an indictment charging McDonald and his co-defendants with conspiracy to possess and distribute more than five kilograms or more of cocaine and 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846. On April 12, 2010, the Court conducted a change of plea hearing at which McDonald entered a plea of guilty to count one of the indictment. On February 4, 2011, the Court concluded that the advisory guidelines range was 188 to 234 months based on McDonald's status as a career offender under U.S.S.G. § 4B1.1, among other factors, and sentenced him to a total term of 188

---

[1] Petitioner's reply brief in support of his 28 U.S.C. § 2255 motion was due on or before August 6, 2012. To date, Petitoner has failed to file his reply brief.

months. On appeal, McDonald's counsel filed a motion to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), that the United States Court of Appeals for the Seventh Circuit granted on February 22, 2010. *See United States v. McDonald,* 462 Fed. Appx. 631 (7th Cir. 2012) (unpublished).

The factual basis for McDonald's voluntary plea of guilty – as stated in his written plea declaration – included that in or about 2006 and continuing until at least February 12, 2008, he conspired with co-defendant Barry Ware and others to possess with intent to distribute in excess of 500 grams of cocaine. McDonald specifically admitted that from the summer of 2006 through November 2006 he periodically purchased cocaine in 4.5 ounce quantities from Ware after which McDonald would sell the cocaine to his customers. Also, McDonald admitted that in early November 2007 he sold 73.6 grams of cocaine to an individual, who, unbeknownst to him, was a cooperating source. McDonald admitted that his criminal history points amounted to at least 19 and that his criminal history category was VI.

## LEGAL STANDARD

"[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007). Under Section 2255, relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States,* 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255). A Section 2255 motion is not a substitute for a direct criminal appeal nor is it a means by which a defendant may appeal the

same claims a second time. *See Varela v. United States,* 481 F.3d 932, 935 (7th Cir. 2007) (Section 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal.") (citation omitted); *White v. United States,* 371 F.3d 900, 902 (7th Cir. 2004) ("Invoking the doctrine of the law of the case, the courts, including our court, forbid a prisoner to relitigate in a collateral proceeding an issue that was decided on his direct appeal.").

## ANALYSIS

Construing pro se McDonald's Section 2255 motion liberally, *see Munson v. Gaetz,* 673 F.3d 630, 633 (7th Cir. 2012), he alleges that (1) his trial counsel rendered constitutionally ineffective assistance of counsel during plea negotiations that caused him to enter into a plea agreement under less favorable terms; and (2) trial counsel was constitutionally ineffective by allowing the Court to base its 18 U.S.C. § 3553(a) analysis on inaccurate information. McDonald briefly mentions that his appellate counsel was constitutionally ineffective, yet fails to give any explanation as to how his appellate counsel's conduct violated his Sixth Amendment right to effective assistance of counsel. As such, McDonald has waived any such claim. *See Hess v. Kanoski & Assoc.,* 668 F.3d 446, 455 (7th Cir. 2012) ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived") (citation omitted). The Court thus turns to McDonald's ineffective assistance of trial counsel claims.

To establish constitutionally ineffective assistance of trial counsel under the Sixth Amendment, McDonald must show that (1) his trial attorney's performance "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Court's "review of the attorney's performance is

'highly deferential' and reflects 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Koons v. United States,* 639 F.3d 348, 351 (7th Cir. 2011) (citation omitted). To establish prejudice, it is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding," instead trial counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Morgan v. Hardy,* 662 F.3d 790, 802 (7th Cir. 2011) (quoting *Strickland,* 466 U.S. at 687, 693). If McDonald fails to make a proper showing under one of the *Strickland* prongs, the Court need not consider the other. *See id.* at 697 ("In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant").

In McDonald's first ineffective assistance of counsel claim, he maintains that at sentencing his counsel referred to discussions with the government involving a sentencing guideline range of 130 to 162 months. McDonald contends that counsel did not tell him about this discussion and that had he been aware of this discussion in advance of sentencing, he would have instructed counsel to pursue a plea agreement under those terms. At the sentencing hearing, trial counsel specifically stated:

> When Ms. Reynolds [Assistant United States Attorney] and I were discussing this case – and I see when they filed their government's version of the offense – we did not take into account the 17-year-old convictions for violent crimes that Mr. McDonald was convicted of – I'm sorry, 20-year-old convictions, when he was 17. And the government *suggested* at that point that a range of 130 and 162 months might be an appropriate sentence. Mr. McDonald would hope for, of course, less.

(R. 602, Sent. Hr'g Tr., at 10.) (emphasis added).

As counsel's statement indicates, the 130 to 162 month range did not take into account McDonald's previous convictions for two violent crimes that qualified McDonald as a career offender under U.S.S.G. § 4B1.1. Accordingly, any discussion of the 130 to 162 sentencing guideline range was not a formal offer, but merely a suggestion, as counsel clearly stated at sentencing. Therefore, McDonald has failed to establish that his counsel's performance was deficient under the first *Strickland* prong because under Supreme Court precedent, trial counsel need only communicate "formal offers from the prosecution" to their clients. *See Missouri v. Frye,* 132 S.Ct. 1399, 1408 (2012). Because McDonald has failed to establish the *Strickland* performance prong as to this claim, the Court need not discuss whether counsel's conduct prejudiced McDonald. *See id.* at 697; *see also Mulero v. Thompson,* 668 F.3d 529, 537 (7th Cir. 2012). The Court therefore denies McDonald's first ineffective assistance of counsel claim.

Next, McDonald argues that his trial counsel was constitutionally ineffective because counsel allowed the Court to base its 18 U.S.C. § 3553 analysis on inaccurate information. In particular, McDonald argues that his "sentencing hearing was rife with inaccurate information that undoubtedly had an adverse impact on the sentence selected by the court. Beginning with the government's position regarding sentencing and culminating with the court's reasons for selecting the sentence imposed on Mr. McDonald, the parties and the court proceeded under the mistaken impression that Mr. McDonald's current offense involved an element of violence – when it actually did not." (R. 1, Section 2255 Mot., at 7-8.) McDonald, however, does not point to any evidence that the underlying drug trafficking offense was not violent in nature.

Indeed, there is substantial evidence in the record that the ongoing drug trafficking offense was violent, including that McDonald had been shot numerous times during the relevant

5

time period and had been addicted to drugs resulting in him committing more crimes. Underlying the charged offense is the fact that McDonald was selling wholesale quantities of cocaine in his own neighborhood on a regular basis. As the Court explained at sentencing, McDonald's drug trafficking offense was violent because his conduct wreaked havoc throughout this neighborhood. *See United States v. Jones,* 214 F.3d 836, 844 (7th Cir. 2000) ("drug dealing is a crime infused with violence"). On a final note, after trial counsel and the prosecutor made their arguments at his sentencing, the Court gave McDonald the opportunity to address the Court, at which time he did not mention this issue. (Sent. Hr'g Tr., at 18-20.)

Accordingly, McDonald's allegation that his counsel allowed the Court to base its 18 U.S.C. § 3553 analysis on inaccurate information is baseless. Therefore, counsel's performance was not deficient and McDonald does not sufficiently explain how counsel's conduct prejudiced him under the circumstances. *See Strickland,* 466 U.S. at 688, 694. The Court thus denies McDonald's second ineffective assistance of counsel claim because McDonald failed to establish both performance and prejudice prongs under *Strickland*.

On a final note, the Court, in its discretion, denies McDonald's request for an evidentiary hearing because district courts need not hold evidentiary hearings in Section 2255 cases where the motion, files, and records of the case conclusively establish that the petitioner is not entitled to any relief. *See Yu Tian Li v. United States,* 648 F.3d 524, 532 (7th Cir. 2011); 28 U.S.C. § 2255(b). As discussed above, the record in this matter conclusively establishes that McDonald is not entitled to relief under Section 2255.

## CERTIFICATE OF APPEALABILITY

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Therefore, the Court must determine whether to grant McDonald a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in the present Memorandum, Opinion, and Order.

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his Section 2255 motion, instead, he must first request a certificate of appealability. *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See Miller-El,* 537 U.S. at 336; *Narvaez v. United States,* 641 F.3d 877, 881 (7th Cir. 2011); 28 U.S.C. § 2253(c)(2). Under this standard, McDonald must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

Here, McDonald has not established that jurists of reason would debate that his Section 2255 motion should have been resolved differently as to his argument under *See Missouri v. Frye,* 132 S.Ct. 1399, 1408 (2012). As stated above, the record reflects that the government did not make a formal offer including a guideline range of 130-162 in the first instance. Next, reasonable jurists would not debate that McDonald's second ineffective assistance claim had any

factual basis, and therefore, should have been resolved differently. The Court thus declines to certify any issues for appeal because McDonald has failed to make a substantial showing of the denial of a constitutional right.

## CONCLUSION

For these reasons, the Court denies Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Dated:** August 20, 2012

**ENTERED**

_____
**AMY J. STUEVE**
**United States District Court Judge**

8